■ In the Matter of ALBERT G., SR., Respondent, v DENISE B., Appellant.—In a proceeding pursuant to Family Court Act article 4 in which the father petitioned to terminate the mother's visitation rights, the mother appeals from an order of the Family Court, Kings County (Schechter, J.), dated December 14, 1989, which imposed supervised visitation.

Ordered that the order is affirmed, without costs or disbursements.

The child in this case, now 8 years old, was born out of wedlock on April 13, 1983. On June 5, 1985, the Family Court issued an order of filation determining that the respondent, Albert G., Sr., was the father. In 1986, the father was awarded custody. Sometime in 1988, the child made allegations that his mother used cocaine in his presence and attempted to have him take cocaine. The child made these allegations to his camp counselor, two social workers, a friend of the family, and his father. Thereafter, the father, pursuant to Family Court Act § 446, moved to terminate the mother's visitation with the child. At a hearing commencing on September 5, 1989, the Family Court received testimony from these individuals. The child was not called as a witness, nor did the trial court interview him in camera. At the hearing, the mother argued that since the witnesses' testimony concerned out-of-court statements made by the child, the testimony was hearsay, and thus inadmissible. The Family Court overruled her objection, and allowed the testimony into evidence. We agree with the Family Court's determination.

Family Court Act § 1046 provides for an exception to the rule against hearsay testimony for prior statements made by children relating to allegations of abuse and neglect. Here, since the witnesses' testimony concerned allegations of abuse, the hearsay exception provided for in Family Court Act § 1046 can be applied (see, Matter of Le Favour v Koch, 124 AD2d 903; Jane P. v John P., 135 Misc 2d 400; People ex rel. Cusano v Leone, 43 NY2d 665). Therefore, the testimony was properly received into evidence. Furthermore, we find that the corroboration required by the statutory provision is present.

We find the mother's remaining contention to be without merit. Thompson, J. P., Rosenblatt, Miller and Copertino, JJ., concur.