■ In the Matter of ROBERT PRATT et al., Appellants, v RONALD WOOD, SR., Respondent, and KELLI J. WOOD, Appellant. [620 NYS2d 551] —White, J. Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered May 4, 1993, which, *inter alia,* dismissed petitioners' application, in a proceeding pursuant to Family Court Act article 6, for custody of their grandchild and directed that custody be returned to respondent Ronald Wood, Sr.

Respondent Kelli Jo Wood (hereinafter Wood), the mother of Ronald Wood, Jr., born in 1986, was arrested on July 23, 1991 on charges relating to the death of her daughter.* Thereafter petitioners, Ronald's maternal grandparents, filed a petition seeking custody of him and were awarded temporary custody. Subsequently, a hearing was held to determine if there were extraordinary circumstances justifying the displacement of Ronald's father, respondent Ronald Wood, Sr. (hereinafter respondent), as the child's custodian *(see, Matter of Bennett v Jeffreys,* 40 NY2d 543, 548). Family Court determined there were not, dismissed the petition and directed that custody be with respondent. Petitioners appeal.

Although we recognize that Family Court's determination is entitled to great weight since it had the advantage of viewing the witnesses and hearing their testimony *(see, Matter of*

---

* Wood subsequently pleaded guilty to the crime of manslaughter in the second degree and is currently serving a term of imprisonment.

*Karen PP. v Clyde QQ.,* 197 AD2d 753), we shall reverse in light of several erroneous evidentiary rulings that were prejudicial to petitioners by depriving them of the opportunity to develop a full record which might have dictated a different result in this matter.

In conjunction with the hearing, Family Court interviewed Ronald in camera. Ronald related that he was afraid to live with respondent, that respondent had put a knife to his throat and, during a scheduled visitation, had choked him and hit him in the eye. At the hearing, Joseph Waldron, a City of Mechanicville Police Officer who observed three visitation exchanges between petitioners and respondent, testified that during these exchanges Ronald appeared fearful and was crying. Waldron was not, however, permitted to relate his conversations with Ronald. Likewise, Carol Hobbs, an expert witness on the issue of child abuse, and John Mullaney, a psychotherapist, were precluded from relating statements Ronald made to them.

Family Court's preemptory exclusion of Ronald's out-of-court statements was erroneous because, even though this proceeding was brought under Family Court Act article 6, the hearsay exception regarding prior statements made by children relating incidents of abuse and neglect encompassed in Family Court Act § 1046 (a) (vi) applies since the gravamen of petitioners'. case involves child abuse *(see, Matter of Albert G. v Denise B.,* 181 AD2d 732; *Matter of Le Favour v Koch,* 124 AD2d 903, *lv denied* 69 NY2d 605). We further note that Ronald's out-of-court statements relating to allegations of abuse and neglect would have been sufficiently corroborated by the testimony of Hobbs and Wood *(see, Matter of Grace VV.,* 206 AD2d 608, *lv denied* 84 NY2d 809).

With respect to the testimony of Wood, she stated that respondent began to physically abuse her in November 1986 and continued to do so approximately five times a week until she was arrested in July 1991. She further related that respondent would physically assault Ronald two or three times a week. She did admit that she never told anyone about these incidents and did not seek medical treatment. Following this testimony, petitioners called Colleen McGrath, an expert in the field of domestic violence, for the purpose of eliciting evidence regarding battered wife syndrome. Family Court precluded such testimony on the ground that it would simply serve to bolster Wood's testimony.

In our view, Family Court erred in excluding McGrath's

testimony as it has come to be recognized that expert testimony in the field of domestic violence is admissible since the psychological and behavioral characteristics typically shared by victims of abuse in a familial setting are not generally known by the average person *(see, Matter of Nicole V.,* 71 NY2d 112, 120; *People v Ciervo,* 123 AD2d 393; *People v Emick,* 103 AD2d 643; *Matter of Glenn G.,* 154 Misc 2d 677, 686-687). Family Court's ruling was particularly prejudicial to petitioners since it found Wood's testimony to be incredible because she never went to a hospital or sought treatment. In fact, Wood's failure to tell anyone about the abuse or to seek help is a characteristic typically shared by victims of domestic violence *(see, People v Emick, supra,* at 654-655). Thus, had Family Court admitted McGrath's testimony, it is conceivable that its resolution of Wood's credibility might have been different.

Aside from these evidentiary errors, we would be constrained to reverse in light of the passive role taken in this proceeding by Ronald's former Law Guardian, which deprived him of the "meaningful representation" he was entitled to receive *(see, Matter of Jamie TT.,* 191 AD2d 132; *Matter of Elizabeth R.,* 155 AD2d 666).

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision, including a new fact-finding hearing.