■ Andrea R. Kantrowitz, Respondent, v Gaetano LaRoche, Appellant. [771 NYS2d 890]—

Order of protection, Supreme Court, New York County (John Stackhouse, J.), entered December 4, 2002, in a matrimonial action, in favor of plaintiff and the parties' children, and effective for a period of 13 years until the younger child reaches her majority, unanimously modified, on the law, the facts and in the exercise of discretion, to reduce the effective period to three years, terminating December 5, 2005, without prejudice to an application seeking a further extension, not to be made before September 1, 2005, and otherwise affirmed, without costs.

The IAS court abused its discretion in making the order of protection effective for 13 years, where plaintiff sought only a three-year period in accordance with the stipulation that defendant had disavowed; the evidence showed no acts of domestic violence or child abuse after issuance of the temporary order of protection; and plaintiff's experts described defendant as a loving and caring parent. However, caution and concern is warranted, and, accordingly, there should be a three-year order of

protection with leave to plaintiff to seek further extensions (Domestic Relations Law § 240 [3] [c]; § 252 [3]). For lack of objection, defendant failed to preserve his argument that the evidence supporting the finding of child abuse was incompetent hearsay consisting of the children's out-of-court statements. In any event, were we to reach the issue, we would find that such statements were adequately corroborated and properly considered (*see Matter of LeFavour v Koch*, 124 AD2d 903, 906 [1986], *lv denied* 69 NY2d 605 [1987]). That part of the IAS court's oral decision imposing a one-year suspended jail sentence on defendant is not reviewable since it was not embodied in the written order on appeal (CPLR 5512 [a]; *see Matter of Dean*, 208 AD2d 1030 [1994]). We have considered and rejected defendant's other contentions. Concur—Buckley, P.J., Andrias, Lerner and Friedman, JJ.