■ In the Matter of JOSE MATEO, Respondent, v SUSAN TUTTLE, Appellant. [809 NYS2d 699]—

Appeal from an order of the Family Court, Ontario County (James R. Harvey, J.), entered November 15, 2004 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole custody of the subject child to petitioner with supervised visitation to respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly granted sole custody of the parties' child to petitioner father, with supervised visitation to respondent mother. Contrary to respondent's contention, the court properly admitted hearsay statements at the hearing on the petition. It is well settled that there is "an exception to the hearsay rule in custody cases involving allegations of abuse and neglect of a child, based on the Legislature's intent to protect children from abuse and neglect as evidenced in Family Ct Act § 1046 (a) (vi)" (*Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 987 [2003]), where, as here, the statements are corroborated (*see Matter of Stacey L.B. v Kimberly R.L.*, 12 AD3d 1124, 1125 [2004], *lv denied* 4 NY3d 704 [2005]; *Kantrowitz v LaRoche*, 5 AD3d 101 [2004]; *Matter of Albert G. v Denise B.*, 181 AD2d 732, 733 [1992]). Contrary to respondent's further contention, the child's hearsay statements to others were sufficiently corroborated (*see generally Matter of Nicole V.*, 71 NY2d 112, 121 [1987]). In any event, the statements of the child to petitioner and his wife as well as statements made by a nurse to petitioner's wife were not offered for the truth of the matters asserted therein but, rather, were offered to explain actions taken by petitioner and his wife, and thus those statements and that testimony fall within an exception to the hearsay rule (*see generally People v Tosca*, 98 NY2d 660 [2002]; *People v Felder*, 37 NY2d 779 [1975]).

Respondent's "present [contention] challenging the methodology used by [petitioner's] expert[ ] was waived by the absence of timely objection on that ground" (*Sampson v New York City Hous. Auth.*, 256 AD2d 19, 19 [1998], *lv denied* 93 NY2d 808 [1999]), and we reject the further contention of respondent that she was denied effective assistance of counsel. Based on our review of the record, we conclude that respondent received "meaningful assistance" at the hearing (*Matter of Longo v Wright*, 19 AD3d 1078, 1079 [2005]). Finally, we have reviewed respondent's contentions concerning alleged procedural errors, and we conclude that those contentions are without merit. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.