■ In the Matter of MILDRED S.G., Respondent, v MARK G., Appellant. In the Matter of MARK G., Appellant, v MILDRED S.G., Respondent. [879 NYS2d 402]—

Order, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about August 31, 2007, which vacated an earlier order awarding joint custody of the child to the parents and instead granted sole legal and physical custody to the mother with supervised visitation to the father, unanimously affirmed, without costs. Order, same court and Judge, entered on or about June 12, 2008, which dismissed with prejudice the father's proceeding for modification of the custody order, unanimously modified, on the law, the provision that dismissal is with prejudice deleted, and otherwise affirmed, without costs.

Although this Court's authority in custody matters is as broad as that of the trial court, the latter's findings and determination are accorded great deference on appeal (*Victor L. v Darlene L.*, 251 AD2d 178 [1998], *lv denied* 92 NY2d 816 [1998]), since that court had the opportunity to assess the witnesses' demeanor and credibility (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]). Here, there was a sound basis for the court's determination that the circumstances had changed sufficiently to modify the original joint custody order. It was clear from the record that the parties' relationship had deteriorated to such an extent that they were no longer able to coparent their minor child. The father continually filed frivolous petitions against the mother and reported her to the Administration for Children's Services—with none of the reports resulting in any findings of wrongdoing—and once had her arrested while the child was in her care. Those actions by the father justified the court's modification of the joint custody award (*see David K. v Iris K.*, 276 AD2d 421, 422 [2000]; *Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999]). Moreover, the father appeared to misunderstand completely the concept of "joint custody" and made unilateral decisions without consulting the mother. His actions in this regard called into question whether he would support and encourage an appropriate relationship between mother and child (*see Bliss v Ach*, 56 NY2d 995, 998 [1982]; *see also Vernon v Vernon*, 296 AD2d 186, 192-193 [2002], *affd* 100 NY2d 960 [2003]).

The father's argument that the court improperly relied upon the forensic report lacks merit. Even without the forensic report, the court would have had ample basis to award the mother full custody (*see Matter of D'Esposito v Kepler*, 14 AD3d 509 [2005]).

Family Court Act § 1046 provides an exception to the rule against hearsay testimony for prior statements made by children relating to allegations of abuse and neglect, which is applicable here (*see Matter of Albert G. v Denise B.*, 181 AD2d 732 [1992]). Furthermore, those statements were properly corroborated with photographs (*see* § 1046 [a] [vi]; *Matter of Pratt v Wood*, 210 AD2d 741, 742 [1994]).

With respect to the appeal from the later order, dismissal with prejudice was improper because the court never reached the merits of that petition. That provision should be deleted from the order (*see Tico, Inc. v Borrok*, 57 AD3d 302 [2008]).

We have considered the father's remaining contentions and find them without merit. Concur—Mazzarelli, J.P., Sweeny, Nardelli, Freedman and Richter, JJ.