OPINION OF THE COURT
Diane Kiesel, J.
The parties are the parents of a nine-year-old boy, D. The petitioner mother is seeking to modify a prior weekend visitation order to require that all contact between D. and his father take place at a social work agency in the presence of a supervisor. She claims in a modification petition filed May 1, 2012 that the respondent father has been driving in a fast and reckless manner with D. in the car and has further endangered the boy *769 by shoplifting with him at Macy’s department store. The respondent father denies the allegations.
The attorneys for the mother and child are seeking to have the court admit into evidence the child’s out-of-court statements regarding the father’s alleged behavior. They are also seeking to corroborate those statements with the child’s in camera testimony. At the direction of the court, counsel for all the parties submitted briefs on the issue. For the reasons set out below, the application to admit the child’s out-of-court statements is granted but they must be corroborated by evidence other than the child’s in camera statements. Such corroborating evidence may be the child’s testimony as a trial witness in the courtroom, where he will be subject to cross-examination. In such an instance, the parents, who are represented by counsel, will be excluded from the courtroom.
Factual Background
At a hearing on June 8, 2012, at which the mother attempted to prove her allegations, she was asked during direct examination to testify as to what D. told her about these incidents. The father’s counsel objected, arguing D.’s statements constituted inadmissible hearsay. Counsel for both the mother and the child argued they were admissible pursuant to case law allowing the admission of statements by children that relate to abuse or neglect. A lengthy discussion ensued and the parties were asked to brief the issue.
The Law — Hearsay Statements Regarding Abuse and Neglect
Family Court Act § 1046 (a) (vi), which governs formal neglect proceedings, provides an exception to the rule against hearsay and allows into evidence prior statements made by children regarding allegations of abuse or neglect. To sustain a neglect finding, however, the statements must be corroborated. “ [Previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect.” (Id.) The corroboration may include “[a]ny other evidence tending to support the reliability of the previous statements.” (Id.) There are no similar provisions in Family Court Act, article 6, § 651 or Domestic Relations Law § 240, which govern child custody determinations.
Courts around the state have determined, usually without articulating any rationale, that a child’s out-of-court statements about abuse or neglect are admissible in custody and visitation proceedings just as they are in formal neglect cases. See Matter *770 of Mildred S.G. v Mark G. (62 AD3d 460, 462 [1st Dept 2009]), in which the Court determined in a custody matter, without explanation, that the law allowing an exception to the rule against hearsay for a child’s prior statements of abuse and neglect in article 10 proceedings “is applicable here.” In so ruling, it cited to the Second Department case of Matter of Albert G. v Denise B. (181 AD2d 732 [1992]), where the Court accepted hearsay testimony from witnesses who said an eight-year-old boy told them his mother used cocaine in his presence and tried to get him to use it. Again, without analysis or discussion, the Court determined “since the witnesses’ testimony concerned allegations of abuse, the hearsay exception provided for in Family Court Act § 1046 can be applied.” (181 AD2d at 733.) Similarly, in Matter of Kimberly CC. v Gerry CC. (86 AD3d 728, 730 [2011]), the Third Department held a child’s out-of-court statements regarding sexual abuse by her father to be admissible in a custody proceeding, citing to Family Court Act § 1046 (a) (vi) for support. Likewise, in the Fourth Department, the admission of a child’s hearsay statement about abuse in a custody matter has been upheld. (See Matter of Sutton v Sutton, 74 AD3d 1838 [2010]; see also Matter of Mateo v Tuttle, 26 AD3d 731 [4th Dept 2006].)
Clearly, the tacit expansion by the New York appellate courts of the article 10 hearsay exception to article 6 custody matters makes sense. Courts have a duty in all matters involving custody to act in “the best interests of the child.” (Domestic Relations Law § 240 [1] [a]; Eschbach v Eschbach, 56 NY2d 167 [1982].) The most serious abuse or neglect of children naturally takes place out of the public eye. The legislature recognized the only way to protect children is to allow their out-of-court statements into evidence. Although the legislature has not addressed the issue outside the neglect context, the courts recognize that children’s statements about abuse or neglect are equally valuable in custody proceedings. The family courts cannot be put in the untenable position of inadvertently granting custody or visitation rights to an abusive parent. In that the duty of the court in making custody determinations is to act in a child’s best interest, that duty is best met by considering all the evidence available to protect that child. Accordingly, it is appropriate to admit the prior out-of-court statements of a child regarding abuse or neglect through the testimony of a person in whom the child has confided. In this case, D. made statements about his father’s behavior — which the petitioner maintains go to abuse or neglect — to his mother.
*771 The Law — What Constitutes Abuse or Neglect
The statements counsel for the mother and the child seek to introduce through the mother revolve around two incidents: one, where the father allegedly shoplifted from a department store while with D., resulting in their arrest, and the other, where the father drove at such an excessive rate of speed he caused D. to become ill and vomit. With regard to the shoplifting allegations, in a case directly on point, Matter of Bernthon v Mattioli (34 AD3d 1165, 1166 [3d Dept 2006]), the Court upheld the admission of a child’s out-of-court statements regarding his mother’s use of him as a decoy while she shoplifted as “they would support a finding of neglect.”
Similarly, another Court determined a father was neglectful where he drove a car with his daughter after drinking alcohol and failed to place her in a child seat or restraint and allowed his son to ride in a car with a friend he knew or should have known was intoxicated. (Matter of Bianca P. [Theodore A.P.], 94 AD3d 1126, 1126-1127 [2d Dept 2012].) Whether harm actually befalls a child is irrelevant, what matters is whether the parent has placed the child in “risk of substantial harm,” even if no injury is suffered. (Matter of Pedro C. [Josephine B.], 1 AD3d 267, 268 [1st Dept 2003].)
Here, the mother seeks to introduce D.’s statements to her involving his father’s shoplifting in his presence and his father’s reckless driving while D. was in the car. Both these statements, under the principles stated in the Bernthon and Bianca cases, go to possible abuse or neglect and are, therefore, admissible here.
The Law — Corroboration Requirements
A child’s out-of-court statements regarding possible abuse or neglect require corroboration. (Family Ct Act § 1046 [a] [vi]; Matter of Mildred S.G., 62 AD3d at 462.) The court has “considerable discretion” in determining what level of corroboration is sufficient. (Bernthon, 34 AD3d at 1166.) Here, the child’s mother testified in open court as to what her son told her about his father driving at an excessive rate of speed and shoplifting. The mother also seeks to introduce a blue polo shirt the child told her his father had stolen from Macy’s. Although the shirt has a logo on it that the mother will testify is one she recognized from Macy’s, there is apparently nothing about the shirt that would indicate it was stolen rather than purchased from the store. The mother takes the position the child’s out-of-court statements to her, in tandem with his in camera testi *772 mony — during which the court could pose written questions prepared by counsel — and the blue polo shirt, suffice as corroboration.
Counsel for the child concurs. She further suggests the court could ignore the child’s out-of-court statements entirely and rely solely on D.’s in camera testimony as substantive evidence in support of modifying the final order of visitation. Further, the child’s counsel suggests that if the court relies solely on D.’s testimony to render a decision, then it should unseal the portion of the in camera testimony on which it relied to provide to all counsel for response.
As noted above, the court disagrees. If the parties wish to rely upon the child’s own statements to corroborate his prior out-of-court statements, an in camera proceeding is insufficient. The Court of Appeals in Matter of Lincoln v Lincoln (24 NY2d 270 [1969]) held it was not error for a trial court, over objection, to interview children in a custody matter in camera, outside the presence of all counsel. It did not determine it was the only way to take the testimony of children.
Given a child’s best interests are paramount in custody matters, the Court in Lincoln determined that “in many cases” it would be necessary to conduct in camera interviews to protect those interests. (24 NY2d at 272.) The in camera process is designed to avoid placing the child “in the position of having its relationship with either parent further jeopardized by having to publicly relate its difficulties with them or be required to openly choose between them.” (Id.) In instances where the family court receives material information adverse to one of the parents during the in camera interview, it is incumbent to “in some way” ascertain “its accuracy during the course of the open hearing.” (Id. at 273.) That is the situation here.
The mother and counsel for D. are asking this court to drastically reduce the father’s access to his son based entirely on the only “material information” at its disposal, namely, what the child claims occurred. “A noncustodial parent is entitled to meaningful visitation, and denial of that right is so drastic that it must be based on substantial evidence that visitation would be detrimental to the welfare of the child.” (Matter of Lane v Lane, 68 AD3d 995, 996-997 [2d Dept 2009].) It would be inappropriate as well as fundamentally unfair to base a decision to curtail the father’s meaningful visitation on the child’s out-of-court hearsay statements corroborated in an in camera proceeding that also would be based on the child’s untested statements.
*773 In point of fact, children routinely testify in open court in abuse and neglect proceedings.* (See e.g. Matter of Christina F., 74 NY2d 532 [1989]; see also Matter of Martha Z., 288 AD2d 706, 707 [3d Dept 2001]; Matter of Sandra S. v Abdul S., 30 Misc 3d 797, 802 [Fam Ct, Kings County 2010].) The court in Sandra S. distinguished between a child’s opinions on custody matters, i.e., with which parent would the child prefer to live, and “crucial factual information” regarding how the parents supervise or treat the child. (Id. at 801-802.) The court noted:
“Due process concerns are not implicated in the child’s opinions or answers to the judge’s ‘impression’ questions, which are not subject to proof one way or the other. However, factual disclosures about one or both parents, which will likely influence the custodial determination and which are subject to proof, should clearly be disclosed, in some manner, to the parents or their attorneys so that they may be afforded the opportunity to gather and produce evidence to refute or counter or explain the child’s statements.” (Id. at 802.)
Courts enjoy “considerable discretion” in determining the type of corroboration needed in these cases. (Matter of Nicole V., 71 NY2d 112, 119 [1987].) Although the corroboration necessary is broadly defined, “there is a threshold of reliability that the evidence must meet.” (Matter of Zachariah VV., 262 AD2d 719, 720 [3d Dept 1999], lv denied 94 NY2d 756 [1999].) And, while this is not an article 10 proceeding, what is at stake is the possibility of a substantial reduction in a father’s parenting time, and accordingly it is not a determination that should be made lightly.
Cross-examination is considered to be one of the most reliable and time-tested methods of getting to the truth. (Prince, Richardson on Evidence § 6-301 [Farrell 11th ed 1995], citing 5 Wigmore, Evidence § 1367 [Chadbourn rev 1974]; Matter of Christina F., 74 NY2d at 537.) The child here is, at nine years old, legally capable of being sworn. (See e.g. CPL 60.20 [2].) No testimony has been put forth by any expert indicating he is particularly vulnerable or emotionally fragile. If the parties choose to corroborate D.’s out-of-court statements by his own testimony about what happened, the child must testify in court, *774 but his parents, who are both represented by counsel, will be excluded. (See Matter of Sandra S., 30 Misc 3d at 803.) In that an article 6 proceeding, like an article 10 matter, is civil in nature, the parents’ rights to be present are not “absolute.” (See Matter of Randy A., 248 AD2d 838, 839-840 [3d Dept 1998].)
In so ruling, it should be abundantly clear, this court is not requiring that the child testify at all. In that D. apparently alleges he and his father were “arrested” for shoplifting, and possibly for speeding, the moving parties are free to call either store security personnel, or the police, to corroborate the child’s out-of-court statements. However, the father is also free to call the child as his witness, should he choose to put on a case, under the same conditions as discussed above. If the father calls D., he is reminded D. becomes his witness and will not be subject to cross-examination by him.

 Children testify in open court in criminal cases, too. The Criminal Procedure Law includes statutes specifically addressing how their testimony is to be handled. (See e.g. CPL 60.20 [2]; 65.00 et seq.)