Matter of George A. v Josephine D. (2018 NY Slip Op 06497)





Matter of George A. v Josephine D.


2018 NY Slip Op 06497


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Renwick, J.P., Gische, Kahn, Kern, Moulton, JJ.


7211

[*1]In re George A., Petitioner-Respondent,
v
Josephine D., Respondent-Appellant.


Bruce A. Young, New York, for appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for respondent.
Karen P. Simmons, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the children.



Order, Family Court, Bronx County (Jennifer Burtt, Referee), entered on or about June 9, 2017, which awarded petitioner father sole physical and legal custody of the subject children, and modified a prior visitation order by limiting respondent mother's access to monthly supervised visitation and monthly telephone calls, unanimously affirmed, without costs.
Family Court Act § 1046(a)(iv) permits a child's out-of-court statements regarding abuse or neglect to be admissible as evidence in a custody and visitation proceeding if properly corroborated (see Matter of Mildred S.G v Mark G., 62 AD3d 460, 462 [1st Dept 2009]). Family Court has "considerable discretion" to determine whether a child's out-of-court statements describing neglect have been corroborated (Matter of Christina F., 74 NY2d 532, 536 [1989]). Here, the children's in camera interviews corroborated the father's testimony, cross-corroborated each other's statements regarding the mother's emotional and physical mistreatment, and revealed the children's preferences for custody and visitation. Contrary to the mother's contentions, the children's in camera statements were properly obtained in a confidential setting, at which only their attorney was present, without implicating the mother's due process rights (see Matter of Heasley v Morse, 144 AD3d 1405, 1407-1408 [3d Dept 2016]; see generally Matter of Lincoln v Lincoln, 24 NY2d 270, 271-272 [1969]).
The Family Court's determination to limit the mother's access to supervised visitation has a sound basis in the record, and we accord great deference to the referee's finding that the mother was not credible (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]). In addition to evidence that the mother blatantly violated the prior order of visitation and subjected the children to badgering, threats, and other emotional and physical maltreatment during unsupervised visitation, the Family Court properly gave weight to the desire of the children - at the time 11 and 15 years old - to reside with the father, and only have minimal supervised visits and telephone contact with the mother (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]).
We have considered the remaining arguments, including the mother's claim that she had ineffective assistance of counsel, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK