Matter of Cindy F. v Aswad B.S. (2019 NY Slip Op 07532)





Matter of Cindy F. v Aswad B.S.


2019 NY Slip Op 07532


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Acosta, P.J., Richter, Mazzarelli, Webber, Kern, JJ.


10145

[*1] In re Cindy F., Petitioner-Respondent,
v
Aswad B.S., Respondent-Appellant.


The Law Offices of Salihah R. Denman, PLLC, Harrison (Salihah R. Denman of counsel), for appellant.
Larry S. Bachner, New York, for respondent.
Leslie S. Lowenstein, Woodmere, attorney for the child.



Order, Family Court, Bronx County (Aija M. Tingling, J.), entered on or about September 21, 2018, which, following a hearing, granted the petition to relocate with the parties' child from the Bronx to Edison, New Jersey, unanimously affirmed, without costs.
While the petition is styled in terms of "modification," petitioner mother actually seeks permission to relocate with the child pursuant to the terms of the initial order of custody, which provides that she will be permitted to move outside of New York City if she obtains respondent father's consent or a court order. Family Court correctly found that therefore petitioner did not have to show a change of circumstances (see Matter of Sergei P. v Sofia M., 44 AD3d 490 [1st Dept 2007]), as respondent urges, and that in any event such a change has occurred, namely, that the child, who was two when the original order was entered, is now of school age, with new needs related thereto.
Upon consideration of the relevant facts and circumstances, and placing predominant emphasis on what is most likely to serve the child's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 739 [1996]), the court providently granted petitioner permission to relocate. There is no reason for us to disturb the court's credibility determinations (see Matter of Mildred S.G. v Mark G., 62 AD3d 460 [1st Dept 2009]). The hearing evidence establishes that the move to Edison will serve the child's best interests. Petitioner and the child are presently living in a cramped one-bedroom apartment with petitioner's mother, in an area that petitioner believes is not child-friendly and is potentially dangerous. The move to Edison will provide the opportunity for the child to attend a good public school that provides busing, and petitioner will be able to maintain full-time employment without having to transport the child to and from school.
Respondent argues persuasively that he will be deprived of some contact with the child if she moves and that FaceTime contact is not an equal substitute for physical contact. However, while the rights of the custodial and noncustodial parents are significant factors that must be considered in a relocation case, "it is the rights and needs of the child that must be accorded the greatest weight" (Matter of Tropea, 87 NY2d at 739). The child has indicated that she wishes to move the short distance to Edison, and petitioner testified that she would assume the burden of [*2]transporting the child to and from visits with respondent, who will not be deprived of "meaningful access" (id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK