Matter of Brandy P. v Pauline W. (2020 NY Slip Op 05588)





Matter of Brandy P. v Pauline W.


2020 NY Slip Op 05588


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Manzanet-Daniels, J.P., Gische, Gesmer, Singh, JJ. 


Docket No. V-32166-15/18E, V32167-15/18E, V32168-15/18E Appeal No. 11980 Case No. 2019-5193 

[*1]In re Brandy P., Petitioner-Appellant,
v
Pauline W., Respondent-Respondent, Christine B., Respondent.


Carol L. Kahn, New York, for appellant.
Law Offices of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Order, Family Court, New York County (Patria Frias-Colon, J.), entered on or about May 23, 2019, which, inter alia, dismissed the petition to modify an order of custody, unanimously affirmed, without costs.
Petitioner failed to show that, since the order granting custody to the children's maternal grandmother was issued, there has been a change in circumstances that warrants modifying the order to award him joint custody (see Matter of Mildred S.G. v Mark G., 62 AD3d 460 [1st Dept 2009]; Matter of Samuel A. v Aidarina S., 99 AD3d 420 [1st Dept 2012] [absent such showing, no hearing is required]). Petitioner's counsel told the court that petitioner seeks joint custody because he wants to be an "involved parent." Although it is commendable that he is now attending therapy, he has presented no evidence of the progress he made or the insight he has gained into his parental deficiencies and therefore failed to demonstrate that joint custody would be in the children's best interests (see Samuel A., 99 AD3d at 421).
Petitioner's contention, raised for the first time on appeal, that a hearing should be held to determine the grandmother's fitness as the children's caregiver is unsupported by evidence. Moreover, petitioner's counsel told the court that petitioner "acknowledges that the grandmother is taking great care of the children." 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020