GRACE A. JORDAN, Appellant, v MICHAEL JORDAN, Respondent. [779 NYS2d 121]—

In an action for a divorce and ancillary relief, the plaintiff appeals from (1) a decision of the Supreme Court, Richmond County (Giacobbe, J.), dated September 20, 2002, made after a nonjury trial, and (2) stated portions of a judgment of the same court dated May 27, 2003, which, inter alia, upon the decision, awarded the defendant supervised visitation with the subject child every Sunday, defined the roles of the persons authorized to supervise the visitation, failed to impose certain conditions upon the defendant with respect to any future unsupervised visitation, fixed the child support obligation of the defendant at $1,041.98 per month, and directed her to pay a proportional share of expenses associated with the defendant's supervised visitation.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof awarding the defendant supervised visitation every Sunday and substituting therefor a provision awarding the defendant supervised visitation on alternate Sundays, at the times set forth in the judgment and (2) deleting the fifth decretal paragraph, defining the roles of the persons authorized to supervise the visitation; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

A court must determine the best interests of the child when adjudicating custody and visitation issues (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-95 [1982]; *Matter of Taylor v Lumba,* 309

AD2d 941 [2003]; *Mauter v Mauter,* 309 AD2d 737 [2003]). The determination of visitation issues is entrusted to the sound discretion of the trial court, and should not be disturbed on appeal unless it lacks a substantial evidentiary basis in the record (*see Friederwitzer v Friederwitzer, supra; Matter of Grisanti v Grisanti,* 4 AD3d 471, 474 [2004]; *Matter of Morash v Minucci,* 299 AD2d 486, 487 [2002]).

Although the father requested alternate weekend visitation and had a history of consistently canceling visitation, the Supreme Court nonetheless directed that his supervised visitation occur, inter alia, every Sunday. Here, the visitation schedule lacked a sound and substantial basis in the record. As such, the visitation schedule must be modified to provide for visitation on alternating Sundays.

The Supreme Court may not delegate, to those persons designated to supervise visitation, its authority over whether and when visitation should be suspended or terminated (*see Johnson v Johnson,* 303 AD2d 641, 642 [2003]; *Matter of Rueckert v Reilly,* 282 AD2d 608, 609 [2001]). Thus, we delete the fifth decretal paragraph of the judgment, which defines the roles of the persons authorized to supervise visitation.

In addition, a court may not order counseling or treatment as a condition of visitation or reapplication for visitation rights, but may only direct a party to submit to counseling and treatment as a component of visitation (*see Matter of Williams v O'Toole,* 4 AD3d 371 [2004]; *Pudalov v Pudalov,* 308 AD2d 524 [2003]; *Matter of DeJesus v Tinoco,* 267 AD2d 308 [1999]). As such, the mother's argument that the Supreme Court should have mandated the father's completion of an alcohol treatment program and submit to random alcohol testing, as conditions of future unsupervised visitation, is without merit, and is beyond the scope of relief a court may order.

Further, in calculating a parent's child support obligation, where the parties' combined income exceeds $80,000, the courts are not bound to apply the statutory percentage to income above the statutory threshold (*see* Domestic Relations Law § 240 [1-b]; *Matter of Cassano v Cassano,* 85 NY2d 649 [1995]). "In such cases, the court may establish the child support obligation of the noncustodial parent through application of the statutory percentage, the factors set forth in Domestic Relations Law § 240 (1-b) (f), or some combination of the two" (*Poli v Poli,* 286 AD2d 720, 723 [2001]).

Here, the Supreme Court, in applying the statutory multiplier of 17% (*see* Domestic Relations Law § 240 [1-b] [b] [3] [i]) to the first $80,000 of the parties' combined parental income, and the

first $200,000 of the combined parental income exceeding $80,000, rather than to the entire combined parental income of $415,621.11, properly considered the factors set forth in Domestic Relations Law § 240 (1-b) (f).

In her notice of appeal, the mother limited her appeal to certain portions of the judgment, and did not appeal from the provision of the judgment directing her to consult with the father as to their child's health, welfare, and education. "An appeal from only part of an order constitutes a waiver of the right to appeal from other parts of that order" (*Royal v Brooklyn Union Gas Co.*, 122 AD2d 132, 133 [1986]; *see 532 Realty Assoc., LLC v Spearhead Sys.*, 1 AD3d 476, 477 [2003]). Hence, that issue is not properly before us.

The mother's remaining contentions are without merit. S. Miller, J.P., Adams, Cozier and Rivera, JJ., concur.