■ In the Matter of DONNA LANE, Appellant, v REGINALD LANE, SR., Respondent. [892 NYS2d 130]—

The mother and the father have a son, born in 1997. The father obtained temporary custody of the son in 2003 and permanent custody in 2004 after the mother was found guilty of neglecting her daughter from another relationship, and derivatively neglecting the son. In 2005 the mother petitioned for visitation with the son and was awarded temporary supervised visitation. In January 2006 the parties agreed that the mother should have unsupervised visitation with the son. During the first unsupervised visit, the mother absconded with the son to the State of New Jersey. The police located her and returned the son to his father. After a court-appointed forensic evaluator recommended that the son should see his mother, but that the visits should be supervised, the court again awarded the mother weekly supervised visits. Following a fact-finding hearing, the court, in the order appealed from, inter alia, denied the mother's petition for unsupervised visitation with the son, and prohibited her from moving to modify the order until she engaged in weekly psychotherapy for a full year, underwent a complete mental status evaluation, and made the information available to the court. The mother appeals.

A noncustodial parent is entitled to meaningful visitation, and denial of that right is so drastic that it must be based on substantial evidence that visitation would be detrimental to the

welfare of the child (*see Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]; *Matter of Morash v Minucci*, 299 AD2d 486 [2002]). However, the determination of visitation is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Sinnott-Turner v Kolba*, 60 AD3d at 775; *Cashel v Cashel*, 46 AD3d 501 [2007]).

Here, the Family Court properly determined that it was in the son's best interests to have only supervised contact with his mother. The mother's past conduct of absconding with the son, coupled with her evasive testimony and disruptive behavior at the fact-finding hearing, provided an ample basis for the Family Court's determination to deny her unsupervised visitation with him (*see Matter of Dunaway v Espinoza*, 23 AD3d 928, 930 [2005]; *Matter of Shaffer v Winslow*, 17 AD3d 766, 768 [2005]; *Carroll v Carroll*, 244 AD2d 311 [1997]).

The Family Court properly took judicial notice of an earlier neglect proceeding brought against the mother in the Family Court, Richmond County. " 'In New York, courts may take judicial notice of a record in the same court of either the pending matter or of some other action' " (*Matter of Allen v Strough*, 301 AD2d 11, 18 [2002], quoting *Sam & Mary Hous. Corp. v Jo/ Sal Mkt. Corp.*, 100 AD2d 901, 903 [1984], *affd* 64 NY2d 1107 [1985]; *see Musick v 330 Wythe Ave. Assoc., LLC*, 41 AD3d 675, 676 [2007]; *Matter of Anjoulic J.*, 18 AD3d 984 [2005]; *Matter of Terrance L.*, 276 AD2d 699 [2000], *cert denied sub nom. Linares v Suffolk County Dept. of Social Servs.*, 533 US 918 [2001]).

The Family Court properly determined that the mother should not be allowed to testify in rebuttal to the admission of the file from the Family Court, Richmond County. " 'The question of whether to permit the introduction of rebuttal evidence rests within the sound discretion of the trial court and the court's determination in that regard should not be disturbed on appeal absent a clear abuse or improvident exercise of discretion' " (*Coopersmith v Gold*, 223 AD2d 572, 574 [1996], *affd* 89 NY2d 957 [1997], quoting *Capone v Gannon*, 150 AD2d 749, 750 [1989]). Here, since the mother had previously denied that a proceeding had been initiated against her in Richmond County, the determination by the Family Court not to allow her to introduce rebuttal evidence was not an improvident exercise of discretion (*see Rowell v Callahan*, 233 AD2d 383 [1996]).

A court may not order counseling as a condition of future visitation or re-application for visitation rights (see *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]; *see also*

*Jordan v Jordan*, 8 AD3d 444 [2004]; *Matter of Williams v O'Toole*, 4 AD3d 371 [2004]; *Pudalov v Pudalov*, 308 AD2d 524 [2003]; *Matter of DeJesus v Tinoco*, 267 AD2d 308 [1999]). Thus, it was improper for the court to prohibit the mother from moving to modify the court's order until she had engaged in weekly psychotherapy for a period of one year, underwent a complete mental status evaluation, and made the information available to the court.

We reject the mother's contention that she was prejudiced by the Family Court's denial of her request for the appointment of a social worker pursuant to County Law § 722-c. The mother did not make the requisite showing that the appointment of a social worker expert was necessary (*see Matter of Michelle M.*, 52 AD3d 1284 [2008]).

The Family Court erred in admitting the statements made to the court-appointed psychologist by the son's half sister about abuse she and another half sister had suffered at the hands of the mother. Although previous allegations of abuse or neglect made by a child are admissible in custody or visitation proceedings if they are corroborated (*see* Family Ct Act § 1046; *Matter of Mateo v Tuttle*, 26 AD3d 731 [2006]; *Matter of Nilda S. v Dawn K.*, 302 AD2d 237, 238 [2003]; *Matter of Albert G. v Denise B.*, 181 AD2d 732 [1992]), the half sister's statements to the forensic evaluator are largely uncorroborated. However, the error in admitting these statements was harmless, as there was a sound and substantial basis in the record for the Family Court's determination, without consideration of the statements, that it was not in the son's best interests to have unsupervised contact with his mother (*see Matter of Sinnott-Turner v Kolba*, 60 AD3d 774 [2009]). Skelos, J.P., Eng, Belen and Austin, JJ., concur.