■ In the Matter of MARGARET REGAN SMITH, on Behalf of HUNTER I., an Infant, Respondent, v DAWN F.B., Appellant. RICHARD I., Nonparty Respondent. [930 NYS2d 75]—

"[T]he determination of visitation is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record" (*Matter of Lane v Lane*, 68 AD3d 995, 997 [2009]; *see Matter of Thomas v Thomas*, 35 AD3d 868, 869 [2006]; *Matter of Herrera v O'Neill*, 20 AD3d 422, 423 [2005]; *Jordan v Jordan*, 8 AD3d 444, 445 [2004]; *Maloney v Maloney*, 208 AD2d 603 [1994]).

Here, the Family Court's determination that it was in the

child's best interests to suspend supervised visitation and prohibit all contact with the mother had a sound and substantial basis in the record. The mother, by her own admission, violated the express terms of the Family Court's previous order, which only permitted visitation supervised by designated individuals, by having unsupervised contact with the child at two separate little league baseball games. Moreover, the mother contributed to certain events at a recent therapeutic visit which adversely affected the child and undermined the progress of the therapeutic visitation, as demonstrated by testimony from the father, testimony from the mother, and a letter from a licensed clinical social worker who had been counseling the child.

However, a court may not order that a parent undergo counseling or treatment as a condition of future visitation or reapplication for visitation rights, but may only direct a party to submit to counseling or treatment as a component of visitation (*see Matter of Lane v Lane*, 68 AD3d at 997-998; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]; *Jordan v Jordan*, 8 AD3d at 445; *Matter of Williams v O'Toole*, 4 AD3d 371, 372 [2004]). Here, the Family Court improperly conditioned the mother's application for resumption of visitation upon her compliance with treatment, including medication, recommended by a mental health professional. However, the Family Court properly directed the mother to submit to a mental health evaluation for use in any future determination of visitation (*see Zafran v Zafran*, 28 AD3d 753, 756-757 [2006]).

The mother's remaining contentions are without merit. Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.