In related custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Krauss, J.), dated April 23, 2012, as denied that branch of her petition which was for unsupervised visitation with the subject child and conditioned future supervised visitation upon her enrollment in an assisted outpatient treatment program.
Ordered that the order is modified, on the law, by deleting the provision thereof conditioning future supervised visitation upon the mother’s enrollment in an assisted outpatient treatment program, and substituting therefor a provision directing the mother to enroll in an assisted outpatient treatment program as a component of supervised visitation; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
“[TJhe determination of visitation is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record” (Matter of Lane v *571 Lane, 68 AD3d 995, 997 [2009]; see Matter of Thomas v Thomas, 35 AD3d 868, 869 [2006]; Matter of Brian S. v Stephanie P., 34 AD3d 685, 686 [2006]; Matter of Herrera v O’Neill, 20 AD3d 422, 423 [2005]; Jordan v Jordan, 8 AD3d 444, 445 [2004]; Maloney v Maloney, 208 AD2d 603 [1994]). Here, the Family Court’s determination to deny that branch of the mother’s petition which was for unsupervised visitation has a sound and substantial basis in the record, and was consistent with the testimony of the court-appointed forensic psychiatrist (see Matter of Van Dunk v Bonilla, 100 AD3d 1008 [2012]; Matter of Andrews v Mouzon, 80 AD3d 761 [2011]; Anonymous v Anonymous, 5 AD3d 516, 517 [2004]) and the position of the attorney for the child (see Matter of Andrews v Mouzon, 80 AD3d at 761). In addition, the determination to continue to have the mother’s visitation supervised by the father is consistent with the best interests of the child.
However, “a court may not order that a parent undergo counseling or treatment as a condition of future visitation or reapplication for visitation rights, but may only direct a party to submit to counseling or treatment as a component of visitation” (Matter of Lane v Lane, 68 AD3d at 997-998; see Matter of Lew v Lew, 104 AD3d 946, 946-947 [2013]; Matter of Smith v Dawn F.B., 88 AD3d 729, 730 [2011]; Matter of Thompson v Yu-Thompson, 41 AD3d 487, 488 [2007]; Jordan v Jordan, 8 AD3d at 445; Matter of Williams v O’Toole, 4 AD3d 371, 372 [2004]). Thus, the Family Court should have directed the mother to enroll in an assisted outpatient treatment program as a component of supervised visitation. Rivera, J.P., Skelos, Chambers and Austin, JJ., concur.