■ In the Matter of EDMUND T. WELCH, Appellant, v RACHEL L. TAYLOR, Respondent. (Proceeding No. 1.) In the Matter of RACHEL L. TAYLOR, Respondent, v EDMUND T. WELCH, Appellant. (Proceeding No. 2.) [981 NYS2d 777]—

In related child custody proceedings pursuant to Family Court

Act article 6 and family offense proceedings pursuant to Family Court Act article 8, the father appeals (1) from a decision of the Family Court, Kings County (Hepner, J.), dated November 16, 2012, made after a hearing, (2) as limited by his brief, from so much of an order of the same court, also dated November 16, 2012, as, upon the decision, awarded the mother sole legal and physical custody of the subject child, conditioned his visitation with the child upon his enrollment in a medical facility where random drug testing is required and his compliance with maintaining a certain medical prescription, directed him to provide a copy of his prescription to the mother, and allowed the mother to suspend his visitation if he failed to supply proof of his prescription, and (3) from an order of the same court, also dated November 16, 2012, which dismissed the family offense petition. By decision and order on motion of this Court dated January 8, 2013, enforcement of so much of the order dated November 16, 2012, as directed the father to maintain the prescription, directed the father to provide a copy of his prescription to the mother, and allowed the mother to suspend the father's visitation with the subject child if the father failed to supply proof of his prescription was stayed pending hearing and determination of the appeals.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the second order dated November 16, 2012, dismissing the family offense petition, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the first order dated November 16, 2012, is modified, on the law, by deleting the provisions thereof conditioning the father's visitation upon his enrollment in a medical facility where random drug testing is required and his compliance with maintaining the subject prescription, directing the father to provide a copy of his prescription to the mother, and allowing the mother to suspend the father's visitation if the father failed to supply proof of his prescription; as so modified, the first order dated November 16, 2012, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

"Since custody determinations depend in large part on the [hearing] court's assessment of the character and credibility of the parties and witnesses, that court's findings are generally accorded deference and will not be disturbed unless they lack a

sound and substantial basis in the record" (*Matter of Guzman v Pizarro*, 102 AD3d 964, 965 [2013] [citations omitted]; *see Kuncman v Kuncman*, 188 AD2d 517 [1992]). Here, the Family Court's determination that the subject child's best interests would be served by an award of sole legal and physical custody to the mother has a sound and substantial basis in the record (*see Matter of Duran v Sutherland*, 86 AD3d 539 [2011]).

However, "a court may not order that a parent undergo counseling or treatment as a condition of future visitation or reapplication for visitation rights, but may only direct a party to submit to counseling or treatment as a component of visitation" (*Matter of Smith v Dawn F.B.*, 88 AD3d 729, 730 [2011]; *see Matter of Torres v Ojeda*, 108 AD3d 570, 571 [2013]). Thus, the Family Court erred in conditioning the father's visitation upon his enrollment in a random drug testing program at a medical facility, and should have instead directed the father to enroll in such a program as a component of visitation. Moreover, by authorizing the mother to suspend visitation upon the father's failure to provide proof of his prescription, the Family Court improperly delegated its responsibility to determine whether and when visitation rights should be suspended (*see Zafran v Zafran*, 28 AD3d 753, 757-758 [2006]). We note that directing the father to enroll in a random drug testing program at a medical facility does not improperly make the ordered treatment a prerequisite to his access to the child (*see Palmeri v Palmeri*, 110 AD3d 859 [2013]; *Zafran v Zafran* 28 AD3d at 757; *Matter of Remillard v Luck*, 2 AD3d 1179, 1180 [2003]), and the Family Court retains the responsibility to supervise and enforce this therapeutic component of its visitation order (*see Resnick v Zoldan*, 134 AD2d 246 [1987]; *see also Zafran v Zafran*, 28 AD3d at 757).

Accordingly, we remit the matter to the Family Court, Kings County, for the issuance of an amended order which includes a directive that the father enroll in a random drug testing program at a medical facility and a provision setting forth the means by which the Family Court will supervise and monitor compliance therewith. Skelos, J.P., Leventhal, Lott and Cohen, JJ., concur.