■ Kaltrina Lajqi, Respondent, v Florim Lajqi, Appellant. [11 NYS3d 860]—

Appeal from an order of the Supreme Court, Westchester County (Linda Christopher, J.) dated July 7, 2014. The order, insofar as appealed from, denied that branch of the defendant's motion which was to direct the plaintiff to undergo a psychiatric evaluation as a condition of continued visitation with the parties' child.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties are the parents of one child. On or about December 7, 2011, the plaintiff commenced this action for

divorce and ancillary relief. During the pendency of the action, the defendant had temporary custody of the child, and the plaintiff had supervised visitation. The Supreme Court conducted a trial in November 2013 and April 2014, during which it ordered a forensic evaluation of the parties.

Pending the entry of a judgment of divorce, the defendant moved, inter alia, to direct the plaintiff to undergo a psychiatric evaluation as a condition of continued visitation with the parties' child. In the order appealed from, the Supreme Court, inter alia, denied that branch of the defendant's motion.

Contrary to the assertion of the attorney for the child, the record on appeal is sufficient (see CPLR 5526).

The Supreme Court properly denied that branch of the defendant's motion which was to direct the plaintiff to undergo a psychiatric evaluation as a condition of continued visitation with the parties' child. A court hearing a pending proceeding or action involving issues of custody or visitation may properly order a mental health evaluation of a parent, if warranted, prior to making a custody or visitation determination (see Family Ct Act § 251 [a]; Zafran v Zafran, 28 AD3d 753, 756 [2006]; see also Bibas v Bibas, 62 AD3d 924 [2009]). In addition, a court may properly direct a party to submit to counseling or treatment as a component of a visitation or custody order (see Matter of Smith v Dawn F.B., 88 AD3d 729, 730 [2011]; Matter of Lane v Lane, 68 AD3d 995, 997-998 [2009]; Matter of Thompson v Yu-Thompson, 41 AD3d 487, 488 [2007]; Matter of Grassi v Grassi, 28 AD3d 482, 483 [2006]; Jordan v Jordan, 8 AD3d 444, 445 [2004]; Matter of Williams v O'Toole, 4 AD3d 371, 372 [2004]).

However, "a court may not order that a parent undergo counseling or treatment as a condition of future visitation or reapplication for visitation rights" (Matter of Smith v Dawn F.B., 88 AD3d 729, 730 [2011]; see Matter of Welch v Taylor, 115 AD3d 754, 756 [2014]; Matter of Torres v Ojeda, 108 AD3d 570, 571 [2013]; Matter of Grassi v Grassi, 28 AD3d 482, 483 [2006]). The rationale underlying this rule is that "a court may not properly delegate to mental health professionals the ultimate determination of whether a parent will be awarded visitation rights," a determination that is properly made by the court (Zafran v Zafran, 28 AD3d at 757). Therefore, the Supreme Court properly denied that branch of the defendant's motion which was to direct the plaintiff to undergo a psychiatric evaluation as a condition of continued visitation with the parties' child. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.