■ In the Matter of LESLIE P. GONZALEZ, Respondent, v ADAM ROSS, Appellant. [33 NYS3d 394]—

Appeal from an order of the Family Court, Queens County (Anne-Marie Jolly, J.), dated February 3, 2015. The order, insofar as appealed from, after a hearing, granted the mother's motion for permission to relocate with the subject children to Florida, denied that branch of the father's cross petition which was for visitation with the subject children, and directed the father to submit to random drug and alcohol screens, test negative, and undergo a comprehensive mental health evaluation as conditions of future visitation.

Ordered that the order is modified, on the law and the facts, by deleting the provisions thereof denying that branch of the father's cross petition which was for visitation with the subject children and directing the father to submit to random drug and alcohol screens, test negative, and undergo a comprehensive mental health evaluation as conditions of future visitation; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith, including the entry of an amended order which includes provisions directing the father to submit to random drug and alcohol screens and undergo a comprehensive mental health evaluation as a component of supervised visitation, and setting forth a schedule of supervised visitation between the father and the subject children.

The mother and the father are the parents of two children. In March 2013, following a breakdown of the parties' relationship as a result of the father's admitted drug use and his threatening behavior, the mother petitioned for sole custody of the parties' children and obtained a temporary order of protection against the father. The father cross-petitioned for custody or visitation. Prior to the commencement of a hearing on the parties' petitions, the mother relocated to Florida with the children and thereafter moved for temporary sole custody of the children and permission to relocate to Florida. The Family Court denied the mother's motion, but the court subsequently granted the motion of the attorney for the children to stay so enforcement of much of its order as required the mother to return the children to New York.

During the hearing, the attorney for the children moved to suspend the father's supervised visitation with the children based upon his erratic in-court behavior during the mother's testimony. The Family Court granted the motion, suspending all visitation between the father and the children until the

father submitted to random drug and alcohol screens, tested negative, and underwent a comprehensive mental health evaluation. Following the conclusion of the hearing, the Family Court granted the mother's petition for sole custody of the children and her motion for permission to relocate with them to Florida. As relevant here, the court denied that branch of the father's cross petition which was for visitation with the children and directed him to submit to random drug and alcohol screens, test negative, and undergo a comprehensive mental health evaluation as conditions of future visitation. The father appeals.

The Family Court's determination, made after a hearing, to grant the mother permission to relocate to Florida with the parties' children is supported by a sound and substantial basis in the record (see Matter of Tropea v Tropea, 87 NY2d 727, 740 [1996]; Matter of Bathjer v McCrae, 136 AD3d 688 [2016]; Matter of Davis v Ogden, 109 AD3d 539 [2013]; Matter of Eddington v McCabe, 98 AD3d 613 [2012]).

However, the Family Court's determination to deny the father visitation with the parties' children is not supported by a sound and substantial basis in the record. " '[V]isitation is a joint right of the noncustodial parent and of the child' " (Zafran v Zafran, 28 AD3d 753, 755 [2006], quoting Weiss v Weiss, 52 NY2d 170, 175 [1981]). "As a general rule, some form of visitation by the noncustodial parent is always appropriate, 'absent exceptional circumstances, such as those in which it would be inimical to the welfare of the child or where a parent in some manner has forfeited his or her right to such access' " (Zafran v Zafran, 28 AD3d at 755, quoting Weiss v Weiss, 52 NY2d at 175; see Matter of Rambali v Rambali, 102 AD3d 797, 799 [2013]; Matter of Giannoulakis v Kounalis, 97 AD3d 748 [2012]; Matter of Balgley v Cohen, 73 AD3d 1038 [2010]).

Here, the Family Court improperly based its determination to deny the father parental access upon the father's in-court demeanor (see Janousek v Janousek, 108 AD2d 782, 784-785 [1985]), including his inability "to control his temper in open Court" and an instance in which he called the mother "a liar" as she testified. However, no correlation was made between the father's in-court demeanor and any detrimental effect on the children (see id. at 784-785). According to the supervised visitation reports prepared in connection with the father's therapeutic supervised visitation, the children appeared happy to see the father during each visit and were at ease with him throughout their time together. While the father did make some inappropriate comments to the children during the first

visit regarding his desire for the family to remain together, the most recent report indicated that the father was "largely appropriate" with the children. Under the circumstances, the Family Court should have awarded the father supervised visitation with the children.

The Family Court also erred in directing the father to submit to random drug and alcohol screens, test negative, and undergo a comprehensive mental health evaluation as conditions of future visitation. "A court hearing a pending proceeding or action involving issues of custody or visitation may properly order a mental health evaluation of a parent, if warranted, prior to making a custody or visitation determination" (*Lajqi v Lajqi*, 130 AD3d 687, 688 [2015]; *see* Family Ct Act § 251 [a]). A court may also "direct a party to submit to counseling or treatment as a component of a visitation or custody order" (*Lajqi v Lajqi*, 130 AD3d at 688). A court may not, however, " 'order that a parent undergo counseling or treatment as a condition of future visitation or reapplication for visitation rights' " (*Matter of Welch v Taylor*, 115 AD3d 754, 756 [2014], quoting *Matter of Smith v Dawn F.B.*, 88 AD3d 729, 730 [2011]; *see Matter of Torres v Ojeda*, 108 AD3d 570, 571 [2013]; *Matter of Lane v Lane*, 68 AD3d 995, 995 [2009]; *Zafran v Zafran*, 28 AD3d at 756). Thus, the court improperly directed the father to submit to random drug and alcohol screens, test negative, and undergo a comprehensive mental health evaluation as conditions of future visitation.

Accordingly, we remit the matter to the Family Court, Queens County, for further proceedings in accordance herewith. Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.