Matter of Shimunov v Davydov (2020 NY Slip Op 00281)





Matter of Shimunov v Davydov


2020 NY Slip Op 00281


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2019-02595
2019-06747
 (Docket Nos. V-24871-17, V-24871-17/19A)

[*1]In the Matter of Zalman Shimunov, et al., appellants,
v
Mark Davydov, respondent.


Lewis S. Calderon, Jamaica, NY, for appellants.
Arthur Rubin & Associates, PLLC, Kew Gardens, NY, for respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the maternal grandparents appeal from (1) an order of the Family Court, Queens County (Emily M. Martinez, Ct. Atty. Ref.), dated February 13, 2019, and (2) an order of the same court dated May 20, 2019. The order dated February 13, 2019, after a hearing, granted the petition of the maternal grandparents for visitation with the subject child only to the extent of permitting visitation at the father's house or at a location of the father's choosing. The order dated May 20, 2019, without a hearing, dismissed the petition of the maternal grandparents alleging violations of the order dated February 13, 2019, and, in effect, to modify the order dated February 13, 2019, so as to direct that the maternal grandparents' visitation with the subject child take place in their home.
ORDERED that the order dated February 13, 2019, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated May 20, 2019, is reversed, on the law, without costs or disbursements, the petition of the maternal grandparents alleging violations of the order dated February 13, 2019, and, in effect, to modify the order dated February 13, 2019, so as to direct that the maternal grandparents' visitation with the subject child take place in their home is reinstated, and the matter is remitted to the Family Court, Queens County, for a hearing and a new determination thereafter of that petition.
The petitioners (hereinafter the grandparents) are the maternal grandparents of the subject child. In December 2017, after the child's mother died, the grandparents commenced a proceeding seeking visitation with the child. Following a hearing, in an order dated February 13, 2019 (hereinafter the February 2019 order), the Family Court granted the petition to the extent of permitting the grandparents to visit with the child every other Sunday at the father's house or at a location of the father's choosing.
In March 2019, the grandparents filed a petition alleging that the father had violated the February 2019 order by interfering with their visits with the child, and seeking, in effect, to modify the February 2019 order so as to direct that their visitation with the child take place in their home. In an order dated May 20, 2019 (hereinafter the May 2019 order), the Family Court dismissed the violation petition without a hearing. The grandparents appeal from the February 2019 order and the May 2019 order.
"The determination of visitation is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Isabella M. [Benida M.], 160 AD3d 738, 739 [internal quotation marks omitted]). "[C]ourts should not lightly intrude on the family relationship against a fit parent's wishes," and "[t]he presumption that a fit parent's decisions are in the child's best interests is a strong one" (Matter of E.S. v P.D., 8 NY3d 150, 157; see Matter of Fitzpatrick v Fitzpatrick, 137 AD3d 784, 786).
Contrary to the grandparents' contentions, the Family Court providently exercised its discretion in limiting their visitation with the child. The court's determination that it was in the best interests of the child for the grandparents to visit with the child at the father's house or at a location of the father's choosing had a sound and substantial basis in the record, as it was based on the father's credible testimony about his concerns regarding unsupervised overnight visits with the grandparents (see Matter of Fitzpatrick v Fitzpatrick, 137 AD3d at 786).
However, the Family Court should not have summarily dismissed the petition, inter alia, alleging that the father interfered with the grandparents' visits with the child. Contrary to the court's characterization, the petition was not merely an attempt to relitigate the terms of the grandparents' visitation, but instead sufficiently alleged that the father interfered with their visitation in violation of the February 2019 order. The issue of whether the father violated the February 2019 order, and whether any such violation warranted a modification of that order with respect to the terms of the grandparents' visitation, should have been resolved at a hearing (see Matter of Ruiz v Sciallo, 127 AD3d 1205, 1207; Matter of Tyler v Wright, 119 AD3d 595, 596).
Accordingly, we reverse the May 2019 order, reinstate the grandparents' violation petition, and remit the matter to the Family Court, Queens County, for a hearing and a new determination thereafter of that petition.
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court