Matter of Hardy v Hardy (2021 NY Slip Op 03320)





Matter of Hardy v Hardy


2021 NY Slip Op 03320


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2020-00513
 (Docket Nos. V-2965-18, V-3084-18)

[*1]In the Matter of Regina M. Hardy, petitioner- respondent, 
v
Niesha M. Hardy, et al., respondents, Iva Lindsey West, appellant. (Proceeding No. 1)
In the Matter of Iva J. West, appellant, v Niesha Hardy, et al., respondents, Regina Hardy, respondent-respondent. (Proceeding No. 2)


William A. Sheeckutz, East Meadow, NY, for appellant.
Jan Murphy, Huntington, NY, for petitioner-respondent in Proceeding No. 1 and respondent-respondent in Proceeding No. 2.
Lawrence M. Schaffer, Plainview, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Christopher Pizzolo, Ct. Atty. Ref.), dated January 6, 2020. The order, after a hearing, inter alia, granted the maternal grandmother's petition for sole legal and physical custody of the subject child and denied the father's petition for sole legal and physical custody of the subject child, and conditioned the filing of any future petitions by the father to modify parental access upon his successful completion of an anger management class and a negative drug test.
ORDERED that the order is modified, on the law, by deleting the provision thereof conditioning the filing of any future petitions by the father to modify parental access upon his successful completion of an anger management class and a negative drug test; as so modified, the order is affirmed, without costs or disbursements.
The child who is the subject of these custody proceedings lived with his maternal great aunt, who was awarded custody of him when he was approximately one year old, and then with his maternal grandmother upon the death of his maternal great aunt. The maternal grandmother commenced the instant proceeding for sole legal and physical custody of the child and the father petitioned for the same relief. Following a hearing and an in camera interview with the child, the Family Court awarded sole legal and physical custody to the maternal grandmother, with supervised parental access to the father. The court also directed that the father complete an anger management class and provide proof of his drug counseling for marijuana use and a negative drug test. The court conditioned the filing of any future petitions by the father to modify parental access upon such successful completion of an anger management class and a negative drug test. The father appeals.
In a custody proceeding between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances (see Matter of Bennett v Jeffreys, 40 NY2d 543, 548; Matter of Jerrina [*2]P. [June H.—Shondell N.P.], 126 AD3d 980, 981). Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody (see Matter of Bennett v Jeffreys , 40 NY2d at 548; Matter of Jerrina P. [June H.—Shondell N.P.], 126 AD3d at 981).
Here, the Family Court properly determined that the maternal grandmother sustained her burden of demonstrating extraordinary circumstances based upon, inter alia, the father's prolonged separation from the child and lack of involvement in the child's life, the father's failure to contribute to the child's financial support, and the strong emotional bond the child had formed with the maternal grandmother (see Matter of Moynihan v Cohen, 181 AD3d 965, 967; Matter of Jerrina P. [June H.—Shondell N.P.], 126 AD3d at 981).
Moreover, the Family Court's determination that an award of custody to the maternal grandmother would be in the best interests of the child is supported by a sound and substantial basis in the record (see Matter of Jerrina P., 126 AD3d at 981).
A court deciding a custody proceeding may "direct a party to submit to counseling or treatment as a component of a [parental access] or custody order" (Lajqi v Lajqi, 130 AD3d 687, 688; see Matter of Gonzalez v Ross, 140 AD3d 869, 872). "A court may not, however, order that a parent undergo counseling or treatment as a condition of future [parental access] or reapplication for [parental access] rights" (Matter of Gonzalez v Ross, 140 AD3d at 872 [internal quotation marks omitted]; see Matter of Welch v Taylor, 115 AD3d 754, 756). Here, the Family Court erred in conditioning the filing of any future petitions by the father to modify parental access upon his successful completion of an anger management class and a negative drug test, and we modify the order so as to eliminate that condition.
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court