Matter of Coley v Steiz (2023 NY Slip Op 01995)

Matter of Coley v Steiz

2023 NY Slip Op 01995

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-00789
 (Docket No. V-1733-20)

[*1]In the Matter of Khari Coley, appellant,
v
Cassandra Steiz, et al., respondents.

Carol Kahn, New York, NY, for appellant.
Yasmin Daley Duncan, Brooklyn, NY, for respondent Cassandra Steiz.
Keith Ingber, Thompson Ridge, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), entered January 18, 2022. The order, insofar as appealed from, after a hearing, denied the father's petition to modify an order of the same court dated May 10, 2019, so as to award him in-person parental access and conditioned the filing of any future petitions by the father to modify parental access upon his completion of a parenting class.
ORDERED that the order entered January 18, 2022, is modified, on the law, by deleting the provision thereof conditioning the filing of any future petitions by the father to modify parental access upon his completion of a parenting class; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father have one child together, born in 2010. In an order dated May 10, 2019 (hereinafter the prior order), the Family Court, among other things, awarded the father, who was incarcerated, supervised telephone contact with the child. The prior order provided that in the event that the father was housed in a correctional facility located within two hours of the child's residence, the father was permitted to file a modification petition seeking in-person parental access without having to demonstrate a change in circumstances.
In June 2020, after being moved to a correctional facility located within two hours of the child's residence, the father filed a petition to modify the prior order so as to award him in-person parental access. In an order entered January 18, 2022, made after a hearing, the Family Court, inter alia, denied the father's petition and conditioned the filing of any future petitions by the father to modify parental access upon his completion of a parenting class. The father appeals.
"The paramount concern when making [a parental access] determination is the best interests of the child under the totality of the circumstances" (Matter of Johnson v McWilliams, 212 AD3d 620, 621 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 172). "Parental access with a noncustodial parent is presumed to be in the best interests of a child, even when that parent is incarcerated" (Matter of Velasquez v Kattau, 167 AD3d 912, 913; see Matter of Granger v Misercola, 21 NY3d 86, 91). "However, that presumption may be rebutted by [*2]demonstrating, by a preponderance of the evidence, that under all the circumstances parental access would be harmful to the child's welfare, or that the right to parental access has been forfeited" (Matter of Velasquez v Kattau, 167 AD3d at 913; see Matter of Torres v Corniel, 187 AD3d 1023, 1024).
Here, there is a sound and substantial basis in the record for the Family Court's determination to deny the father's petition to modify the prior order so as to award him in-person parental access. A preponderance of the evidence adduced at the hearing, including the testimony of the child's therapist and the father's own testimony, demonstrated that in-person parental access with the father at the prison would be harmful to the child's welfare (see Matter of Grimes v Pignalosa-Grimes, 165 AD3d 796, 797; Matter of Irizarry v Jorawar, 161 AD3d 863, 864). Moreover, contrary to the father's contention, it was not an improvident exercise of the court's discretion to deny his petition without conducting an in camera interview with the child (see Matter of Gonzalez v Borbon, 121 AD3d 895, 896; Matter of Arroyo v Agosta, 112 AD3d 920, 921).
"A court deciding a custody proceeding may direct a party to submit to counseling or treatment as a component of a [parental access] or custody order" (Matter of Hardy v Hardy, 194 AD3d 1043, 1045 [internal quotation marks omitted]; see Lajqi v Lajqi, 130 AD3d 687, 688). However, a court may not direct that a parent undergo counseling or treatment as a condition of future parental access or reapplication for parental access rights (see Matter of Gonzalez v Ross, 140 AD3d 869, 872). Here, the Family Court erred in conditioning the filing of any future parental access petitions by the father upon his completion of a parenting class, and we modify the order entered January 18, 2022, so as to eliminate that condition (see Matter of Hardy v Hardy, 194 AD3d at 1045).
The father's remaining contentions are not properly before this Court.
BARROS, J.P., IANNACCI, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court