Matter of Smith v Brandao (2024 NY Slip Op 02201)

Matter of Smith v Brandao

2024 NY Slip Op 02201

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-08954
2022-08955
 (Docket Nos. V-5075-19/21E/21F, V-5076-19/21E/21F)

[*1]In the Matter of Theresa C. Smith, appellant,
v
Jenny E. Brandao, et al., respondents. (Proceeding No. 1)
In the Matter of Theresa C. Smith, appellant,
v
Jenny E. Brandao, respondent. (Proceeding No. 2)

Paul N. Weber, Cornwall, NY, for appellant.
Mark Diamond, Pound Ridge, NY, for respondent Jenny E. Brandao.
Kelli M. O'Brien, Goshen, NY, for respondent James J. Smith.
Donna M. Genovese, White Plains, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the paternal grandmother appeals from two orders of the Family Court, Orange County (Christine P. Krahulik, J.), both dated October 7, 2022. The first order, without a hearing, dismissed, without prejudice, the paternal grandmother's petition to modify an order of the same court dated September 13, 2021, entered upon consent, so as to award her additional visitation. The second order, without a hearing, dismissed, without prejudice, the paternal grandmother's petition alleging a violation of the order dated September 13, 2021.
ORDERED that the orders dated October 7, 2022, are reversed, on the law and in the exercise of discretion, without costs or disbursements, the petitions are reinstated, and the matters are remitted to the Family Court, Orange County, for a hearing and a new determination thereafter of the petitions.
The petitioner (hereinafter the paternal grandmother) is the paternal grandmother of the subject children. Pursuant to an order dated September 13, 2021 (hereinafter the order of visitation), entered upon consent, the paternal grandmother was awarded a specific schedule of visitation with the children from June 13, 2021, through May 1, 2022. The order of visitation further provided that the parties agreed "to return to mediation if necessary after May 1, 2022, to discuss further visitation."
In December 2021, the paternal grandmother filed a petition alleging, inter alia, that the mother violated the order of visitation by canceling certain visits with the children. The paternal [*2]grandmother filed a separate petition to modify the order of visitation so as to award her additional visitation. The Family Court, without a hearing, dismissed the petitions without prejudice. The paternal grandmother appeals.
The Family Court should not have summarily dismissed the paternal grandmother's petitions. The petitions sufficiently alleged, inter alia, that the paternal grandmother's visitation was interfered with throughout 2021 in violation of the order of visitation. The issues of whether the mother violated the order of visitation and whether any such violation warranted a modification of that order should have been resolved at a hearing (see Matter of Shimunov v Davydov, 179 AD3d 812, 813; Matter of Ruiz v Sciallo, 127 AD3d 1205, 1207).
LASALLE, P.J., MALTESE, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court