Matter of Botros v Botros (2024 NY Slip Op 06608)

Matter of Botros v Botros

2024 NY Slip Op 06608

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-07557
2023-09223
 (Docket Nos. V-518-22/22A, V-519-22/22A, V-518-22/22B, V-519-22/22B, V-518-22/23C, V-519-22/23C)

[*1]In the Matter of Amgad Botros, appellant, 
v
Nermeen Botros, respondent.

Amgad Botros, Roslyn, NY, appellant pro se.
Cobert, Haber & Haber, LLP, Garden City, NY (Amy Cobert Haber of counsel), for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Nassau County (Darlene D. Harris, J.), dated April 27, 2022, and (2) an order of the same court dated August 8, 2023. The order dated April 27, 2022, dismissed, without a hearing, the father's petition to modify the parental access provisions of a judgment of divorce dated October 19, 2021, which incorporated but did not merge the parties' stipulation dated January 21, 2021, so as to award him unsupervised parental access with the parties' children. The order dated August 8, 2023, insofar as appealed from, dismissed, without a hearing, the father's separate petition for the same relief.
ORDERED that the order dated April 27, 2022, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated August 8, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who are the parents of two children, were divorced by a judgment dated October 19, 2021. Pursuant to a stipulation dated January 21, 2021, which was incorporated but not merged into the judgment of divorce, the parties agreed, inter alia, that the mother would have sole legal and residential custody of the children, with supervised parental access to the father. In January 2022, the father filed a petition to modify the parental access provisions of the judgment of divorce so as to award him unsupervised parental access. In an order dated April 27, 2022, the Family Court dismissed, without a hearing, the father's petition without prejudice. In November 2022, the father filed another petition to modify the parental access provisions of the judgment of divorce so as to award him unsupervised parental access. In an order dated August 8, 2023, the court, among other things, dismissed, without a hearing, that petition without prejudice. The father appeals.
"A court hearing a pending proceeding or action involving issues of custody or [parental access] may properly order a mental health evaluation of a parent, if warranted, prior to making a custody or [parental access] determination" (Lajqi v Lajqi, 130 AD3d 687, 688; see Family Ct Act § 251[a]). Further, although "'a court may not order that a parent undergo counseling or treatment as a condition of future [parental access] or reapplication for [parental access] rights'" (Lajqi v Lajqi, 130 AD3d at 688, quoting Matter of Smith v Dawn F.B., 88 AD3d 729, 730), the court may deny a parent's petition for parental access where he or she "refused to submit to a court-ordered psychiatric evaluation" that was directed to aid in the court's determination of the petition (Matter of Zirkind v Zirkind, 218 AD2d 745, 746; see Zafran v Zafran, 28 AD3d 753, 756-757; Matter of Rogers v Fodor, 307 AD2d 395, 396). Under the circumstances of this case, the Family Court providently exercised its discretion in dismissing the father's November 2022 petition to modify the parental access provisions of the judgment of divorce so as to award him unsupervised parental access based upon the father's refusal to comply with a court order directing an updated forensic evaluation of the parties.
We decline the attorney for the children's request to impose sanctions against the father for allegedly frivolous conduct (see 22 NYCRR 130-1.1).
The parties' remaining contentions are either without merit or not properly before this Court.
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court