Matter of Badalyan v Antaplian (2025 NY Slip Op 02769)

Matter of Badalyan v Antaplian

2025 NY Slip Op 02769

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-07263
 (Docket Nos. V-25527-18, V-25528-18, V-872-19, V-873-19)

[*1]In the Matter of Sona Badalyan, respondent,
v
Tiran Antaplian, appellant.

Cheryl Charles-Duval, Brooklyn, NY, for appellant.
Twyla Carter, New York, NY (Susan Clement and Dawne A. Mitchell of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Monica D. Schulman, J.), dated July 6, 2023. The order, insofar as appealed from, after a hearing, limited the father's parental access with the parties' children to supervised therapeutic parental access under certain conditions and conditioned any future expansion of the father's parental access with the children, in effect, upon his participation in therapeutic services, his understanding of the reasons for neglect findings entered against him on October 5, 2021, and progress in his therapeutic parental access with the children.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provisions thereof conditioning any future expansion of the father's parental access with the parties' children, in effect, upon his participation in therapeutic services, his understanding of the reasons for neglect findings entered against him on October 5, 2021, and progress in his therapeutic parental access with the children; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father have two children together. In an order dated September 12, 2022, which was entered on consent of the parties, the Family Court awarded physical and legal custody of the children to the mother. In an order dated July 6, 2023, the court awarded the father supervised therapeutic parental access with the children under certain conditions and conditioned any future expansion of the father's parental access with the children, in effect, upon his participation in therapeutic services, his understanding of the reasons for neglect findings entered against him on October 5, 2021, and progress in his therapeutic parental access with the children. The father appeals.
The Family Court's determination to limit the father's parental access to supervised therapeutic parental access under certain conditions was supported by a sound and substantial basis in the record and, therefore, should not be disturbed (see Matter of Shimunov v Davydov, 179 AD3d 812, 812; Matter of Isabella M. [Benida M.], 160 AD3d 738, 739).
"A court deciding a custody proceeding may properly direct a party to submit to [*2]counseling or treatment as a component of a [parental access] or custody order" (Matter of Mazo v Volpert, 223 AD3d 907, 909 [internal quotation marks omitted]; see Matter of Coley v Steiz, 215 AD3d 830, 832). "However, a court may not direct that a parent undergo counseling or treatment as a condition of future parental access or reapplication for parental access rights" (Matter of Coley v Steiz, 215 AD3d at 832; see Matter of Hardy v Hardy, 194 AD3d 1043, 1045), and/or "successfully complete treatment or therapy as a condition to any future application" (Matter of Maureen H. v Bryon I., 140 AD3d 1408, 1411). While it was acceptable to direct the father to participate in therapeutic services, so much of the order appealed from as, in effect, conditioned any future expansion of the father's parental access with the children upon his participation in therapeutic services, leading to his understanding of the reasons for neglect findings entered against him on October 5, 2021, and progress in his therapeutic visitation with the children, was improper (see Matter of Buskey v Alexis, 226 AD3d 770, 772; Matter of Mazo v Volpert, 223 AD3d at 910). Accordingly, we modify the order so as to eliminate those conditions.
The father's remaining contention is without merit.
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court