Matter of Cruz v Williams (2025 NY Slip Op 03714)

Matter of Cruz v Williams

2025 NY Slip Op 03714

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-09820
 (Docket No. V-12378-19)

[*1]In the Matter of Kimberly Cruz, respondent,
v
Jacki Williams, appellant.

Leighton M. Jackson, New York, NY, for appellant.
Lance Dandridge, Jamaica, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated September 26, 2023. The order, insofar as appealed from, after a hearing, limited the father's parental access with the parties' child to supervised therapeutic parental access and conditioned the commencement of the father's parental access on his completion of any courses required by the therapeutic program.
ORDERED that the order is modified insofar as appealed from, on the law and in the exercise of discretion, by deleting the provision thereof conditioning the commencement of the father's parental access on his completion of any courses required by the therapeutic program; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father have one child together, born in 2011. In 2019, the mother commenced this proceeding seeking sole legal and residential custody of the child. After a hearing, in an order dated September 26, 2023, the Family Court awarded the mother sole legal and residential custody of the child and limited the father's parental access with the child to supervised therapeutic parental access. The court conditioned the commencement of the father's parental access on his completion of any courses required by the therapeutic program. The father appeals.
"The determination of visitation is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Shimunov v Davydov, 179 AD3d 812, 813 [internal quotation marks omitted]). Here, the Family Court's determination to limit the father's parental access with the child to supervised therapeutic parental access was supported by a sound and substantial basis in the record and, therefore, should not be disturbed (see Matter of Henry v Tucker, 157 AD3d 892, 893).
"A court deciding a custody proceeding 'may properly direct a party to submit to counseling or treatment as a component of a [parental access] or custody order'" (Matter of Mazo v Volpert, 223 AD3d 907, 909, quoting Lajqi v Lajqi, 130 AD3d 687, 688). "However, a court may [*2]not direct that a parent undergo counseling or treatment as a condition of future parental access or reapplication for parental access rights" (Matter of Coley v Steiz, 215 AD3d 830, 832; see Matter of Mazo v Volpert, 223 AD3d at 909). Here, the Family Court should not have conditioned the commencement of the father's parental access on his completion of any courses required by the therapeutic program (see Matter of Badalyan v Antaplian, _____ AD3d _____, _____, 2025 NY Slip Op 02769, *2; Matter of Mazo v Volpert, 223 AD3d at 910; Matter of Welch v Taylor, 115 AD3d 754, 756). Accordingly, we modify the order so as to eliminate this condition.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court