Matter of McCook v Delbrune (2025 NY Slip Op 06322)

Matter of McCook v Delbrune

2025 NY Slip Op 06322

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2024-06136
 (Docket Nos. V-5834-19/23I, V-5834-19/23J, V-5835-19/23I, V-5835-19/23J)

[*1]In the Matter of Ricardo McCook, appellant,
v
Daphne H. Delbrune, respondent. (Proceeding Nos. 1 and 2.)
In the Matter of Daphne H. Delbrune, respondent,Ricardo McCook, appellant. (Proceeding Nos. 3 and 4)

Quatela | Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri, Nicole J. Brodsky, and Sophia Arzoumanidis of counsel), for appellant.
Friedman & Friedman, PLLC, Garden City, NY (Sari M. Friedman of counsel), for respondent.
Leslie S. Lowenstein, Woodmere, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Eileen J. Goggin, J.), dated July 12, 2024. The order, insofar as appealed from, after a hearing, denied those branches of the father's petition which were to hold the mother in civil contempt for violating the parental access provisions of a judgment of divorce entered September 5, 2018, which incorporated but did not merge a stipulation of settlement dated June 12, 2018, and to modify the custody and parental access provisions of the judgment of divorce so as to award him sole legal and residential custody of the parties' children, and granted those branches of the mother's petition which were to modify the parental access provisions of the judgment of divorce so as to (1) suspend the father's unsupervised parental access schedule set forth in the judgment of divorce, (2) direct the father and children to engage in supervised therapeutic parental access with a certain therapeutic agency, (3) permit the resumption of the father's unsupervised parental access schedule when "deemed appropriate by the [therapeutic agency]," (4) direct that "[t]herapeutic supervised parenting time shall continue until successful discharge by the [therapeutic] agency," and (5) grant the therapeutic agency discretion to expand and/or modify the father's access to the children.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the mother's petition which were to modify the parental access provisions of the judgment of divorce so as to (1) permit the resumption of the father's unsupervised parental access schedule when "deemed appropriate by the [therapeutic agency]," (2) direct that "[t]herapeutic supervised parenting time shall continue until successful discharge by the [therapeutic] agency," and (3) grant the therapeutic agency discretion to expand and/or modify the father's access to the children, and substituting therefor a provision denying those branches of the mother's petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of two minor children. The parties were divorced by a judgment entered September 5, 2018. The judgment of divorce incorporated but did not merge a stipulation of settlement dated June 12, 2018 (hereinafter the stipulation). Pursuant to the stipulation, the mother was awarded sole legal and residential custody of the children, and the father was awarded unsupervised parental access with the children on alternate weekends and every Tuesday and Thursday after school, as well as certain holidays.
In 2023, the father commenced proceedings, inter alia, to hold the mother in civil contempt for violating the parental access provisions of the judgment of divorce and to modify the custody and parental access provisions of the judgment of divorce so as to award him sole legal and residential custody of the children. Thereafter, the mother commenced proceedings, among other things, to modify the parental access provisions of the judgment of divorce.
Following a five-day hearing and in camera interviews of the children, the Family Court, inter alia, denied those branches of the father's petition which were to hold the mother in civil contempt for violating the parental access provisions of the judgment of divorce and to modify the custody and parental access provisions of the judgment of divorce so as to award him sole legal and residential custody of the children. The court granted those branches of the mother's petition which were to modify the parental access provisions of the judgment of divorce so as to (1) suspend the father's unsupervised parental access schedule set forth in the judgment of divorce, (2) direct the father and children to engage in supervised therapeutic parental access with a certain therapeutic agency, (3) permit the resumption of the father's unsupervised parental access schedule when "deemed appropriate by the [therapeutic agency]," (4) direct that "[t]herapeutic supervised parenting time shall continue until successful discharge by the [therapeutic] agency," and (5) grant the therapeutic agency discretion to expand and/or modify the father's access to the children. The father appeals.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence" (Tankleff v Tankleff, 239 AD3d 685, 686 [internal quotation marks omitted]). "The movant must establish (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct" (id. [internal quotation marks omitted]; see Judiciary Law § 753[A][3]). "Once such a showing is made, the burden shifts to the alleged contemnor to refute that showing or to offer evidence of a defense such as an inability to comply with the order" (Tankleff v Tankleff, 239 AD3d at 686). Here, the Family Court providently exercised its discretion in denying that branch of the father's petition which was to hold the mother in civil contempt, as the mother demonstrated an inability to comply with the parental access provisions of the judgment of divorce (cf. id. at 687).
"Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Bristow v Patrice, 221 AD3d 684, 685). "In order to modify an existing court-ordered custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child[ren]" (Matter of Saliba v Melvin, 227 AD3d 913, 914 [internal quotation marks omitted]). "The best interests of the child[ren] must be determined by reviewing the totality of the circumstances" (id.). "Supervised parental access is appropriately required only where it is established that unsupervised parental access would be detrimental to the child" (Matter of Gray v Tyson, 205 AD3d 720, 722 [internal quotation marks omitted]). Here, the Family Court's determinations that a change in custody was not in the children's best interests and that limiting the father's parental access to therapeutic supervised parental access was necessary have a sound and substantial basis in the record (see id.).
"[A] court may not properly delegate to mental health professionals the ultimate determination of whether a parent will be awarded [parental access] rights" (Zafran v Zafran, 28 AD3d 753, 757; see Lajqi v Lajqi, 130 AD3d 687, 688). It is "improper for [a] court to condition future [parental access] on the recommendation of a mental health professional" (Matter of Grisanti [*2]v Grisanti, 4 AD3d 471, 474-475; see Matter of Balgley v Cohen, 73 AD3d 1038, 1038). Here, the Family Court erred by delegating to the therapeutic agency (1) the authority to determine when therapeutic parental access would cease and the father's prior stipulated unsupervised parental access schedule would be reinstated and (2) the discretion to expand and/or modify the father's access to the children (see Matter of Lopez v Neira, 237 AD3d 1097, 1099-1100). Accordingly, the order must be modified by deleting the provisions thereof modifying the parental access provisions of the judgment of divorce so as to condition the father's parental access on the therapeutic agency's determinations.
GENOVESI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court